IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MOUTALABI BOUKARI,
Owner of Enterprise Service Proprietor,

                    Plaintiff,                                   ORDER

        v.
                                                        26-cv-500-jdp

SENTRY INSURANCE,

                    Defendant.

---

Plaintiff Moutalabi Boukari, proceeding without counsel, sues Sentry Insurance under Pennsylvania law and under the court's diversity jurisdiction. Boukari alleges that after he was involved in a motor vehicle accident, the other driver's insurer hasn't provided him with pre-settlement compensation or lived up to its agreement to offer a settlement for the accident. This case was transferred here from the United States District Court for the Eastern District of Pennsylvania.

The court has allowed Boukari to proceed without prepayment of any portion of the filing fee. (Boukari objected to Magistrate Judge Andrew Wiseman's initial determination that Boukari did not qualify for indigent status, but Magistrate Judge Wiseman granted Boukari's motion for reconsideration, Dkt. 11, so I will overrule that objection as moot.) Ordinarily the next step would be for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915.

But there are issues that I must address first. Boukari alternately refers to himself and his company, Enterprise Service Proprietor, as the plaintiff in this case. I take him to be saying that the company owned or leased the vehicle that was involved in the accident. It isn't entirely

clear whether he means to sue for damages to himself or to the company. And Boukari might not be able to speak on behalf of the company: non-lawyers can't present corporations or partnerships in federal court. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

I will direct Boukari to respond to this order by clarifying (1) who the plaintiff is in this case—him, the company, or both him and the company; and (2) what type of company Enterprise Service Proprietor is. If Enterprise Service Proprietor is a plaintiff, then Boukari cannot represent it unless it is a sole proprietorship indistinct from Boukari himself, in which case I will direct Boukari to file a declaration in which he states under penalty of perjury that he is the sole owner of the company. But if Boukari owns the company as in a form other than a sole proprietorship (such as a corporation or partnership), he will have to obtain counsel to represent the company.

ORDER

IT IS ORDERED that:

1. Plaintiff's objection to Magistrate Judge Wiseman's July 10, 2026 order, Dkt. 9, is OVERRULED as moot.

2. Plaintiff may have until August 26, 2026, to respond to this order as detailed above.

Entered August 5, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2