IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MOUTALABI BOUKARI,
Owner of Enterprise Service Proprietor,

Plaintiff,

v.

SENTRY INSURANCE,

Defendant.

ORDER

26-cv-500-jdp

---

Plaintiff Moutalabi Boukari, proceeding without counsel, sues Sentry Insurance under Pennsylvania law and under the court's diversity jurisdiction. Boukari alleges that after he was involved in a motor vehicle accident, the other driver's insurer hasn't provided him with pre-settlement compensation or lived up to its agreement to offer a settlement for the accident. This case was transferred here from the United States District Court for the Eastern District of Pennsylvania.

I stayed the court's screening of Boukari's complaint pending resolution of a threshold issue: Boukari alternately referred to himself and his company, Enterprise Service Proprietor, as the plaintiff in this case, and Boukari wouldn't be able to speak for the company if it is a corporation or partnership. *See* Dkt. 12. I directed Boukari to respond regarding these issues. Boukari has filed two responses, listing only himself in the caption, but then also stating that Enterprise Service Proprietor is a sole proprietorship that does not need to obtain counsel. Dkt. 16 and 17. Construing these pro se filings generously, Boukari attempts to bring claims for damages for both him and his company. Based on Boukari's response that the company is a sole proprietorship, I won't disallow claims regarding the company.

I turn to screening of his complaint. Boukari's allegations are somewhat difficult to follow, but I take him to be saying that Sentry Insurance isn't living up to the terms of its coverage or an agreement it had made with Boukari to compensate him for damages suffered at the hands of the other motorist, who was at fault in the accident.

Boukari seeks to sue under Pennsylvania law, where the accident occurred. If defendant later challenges this assertion, the court will have to undertake a choice-of-law analysis. But at the screening stage I will consider Boukari's claims to be ones under Pennsylvania law.

Nonetheless, Boukari's lawsuit can't proceed as currently constructed. Under Pennsylvania law, Boukari can't sue the other driver's insurer directly for a breach of the insurance contract. *Brown v. Candelora*, 708 A.2d 104, 108 (Pa. Super. Ct. 1998). Rather, a plaintiff must start by suing the other driver. Boukari hasn't done so. If Boukari means to say that Sentry has breached an agreement that he and Sentry reached, he doesn't explain anything about the nature of that agreement, for instance whether it was written or verbal, or include the actual terms of that agreement. Without more information from Boukari I won't consider this type of claim either.

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). So I will give Boukari a chance to amend his complaint to fix the problem that I've identified above.

# ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until September 24, 2026, to submit an amended complaint.

Entered September 3, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge